## Tops Cleaners, Inc. (No. 2)

*Philip A. Salkin,* for claimant.
*Charles Blasband,* for assignees.
*Malcolm Campbell,* auditor.

FORREST, J., June 24, 1959.—An auditor appointed by this court for the purpose of hearing objections of assignees for the benefit of creditors of Tops Cleaners, Inc., to the claims made against the assets, held several hearings and filed his report and recommendations. Freda Greenstein and National Cash Register Company have filed exceptions to the auditor's recommendations that their claims be disallowed. We have reviewed the evidence relating to these claims.

Mrs. Freda Greenstein testified that she is the mother of Sidney Greenstein, that her said son and Gene Duffy in 1955 were the officers of Tops Cleaners, Inc., that Sidney Greenstein and Bernard, his brother, and Duffy were the sole owners of the corporation, that Sidney had told her the corporation needed $1,000 to pay taxes and that the corporate officers would be criminally prosecuted if the taxes were not paid, that as a result, on February 8, 1955, she withdrew $1,000 from her account at Girard Trust Corn Exchange Bank. She received the fund in the form of a bank treasurer's check to her order in the above mentioned sum. She endorsed the check and delivered it to her son as a loan to the corporation. The check was endorsed "For deposit only Tops Cleaners" and deposited in the corporation's account on February 9, 1955. A day or two later, she received a judgment note for $1,000 to her order dated February 8, 1955, signed by Gene F. Duffy, treasurer and Sidney Greenstein, president on behalf of Tops Cleaners, Inc., to which the corporate seal was affixed.

The check and the note were admitted in evidence and the authenticity of the signatures and endorsements has not been seriously questioned. There was some testimony to the effect that Mrs. Greenstein made the loan to her son. Some weight was lent to this contention by the fact that this note was not included in a financial statement for the year ending December 31, 1955, prepared and signed by the accountant for Tops Cleaners and submitted to the assignees. However, one thing is certain, $1,000 from Mrs. Greenstein's bank account was deposited in the corporation's bank account and no one contends that Mrs. Greenstein or her son *gave* the money to the corporation. Nor is there any evidence that she or her son was repaid all or any part of said sum. In our opinion the claim of Mrs. Greenstein is bona fide and valid and therefore

it should be allowed, and her exception to the auditor's report should be sustained.

Another disallowance of claim to which exception has been taken is that of National Cash Register Company. Claimant delivered a cash register to Tops Cleaners, Inc., the latter having entered into a bailment lease therefor. The agreement provided for total payments of $660 in 22 monthly payments of $30 each. The bailee defaulted in the final two monthly payments, so that $60 is unpaid. For some undisclosed reason, claimant has not made a formal claim for the $60, but only for $59.40, for repairs of the cash register. After a disastrous fire at the plant of Tops Cleaners, Inc., Mr. Duffy delivered the cash register to claimant who has retained possession until the present time. Mr. Duffy's object in delivering the register to claimant was to obtain an estimate of repair of the damages done to the register by the fire. However, claimant failed to show that Tops Cleaners, Inc., contracted for the repairs or that the repairs were made. Therefore, claimant's claim considered as one for repairs, must be disallowed. However, the auditor treated the claim as one for the balance due under the bailment lease. His opinion was that claimant did not perform its duties under section 9-505 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §9-505, namely sale within 90 days, therefore, claimant "lost any right to [its] claim."

The subsection of section 9-505 of the Uniform Commercial Code, on which the auditor expressly relied, applies only to "the case of a purchase money security interest in *consumer goods* . . ." which are defined in section 9-109 of the code as those "used or bought for use primarily for personal, family or household purposes." A cash register falls outside of this definition. The National Cash Register Company has proven that it has a valid claim which should be allowed, and

therefore this exception to the auditor's report should be sustained.

And now, June 24, 1959, the exceptions of Freda Greenstein and National Cash Register Company to the report and recommendations of the auditor are sustained, and the claims of such parties are allowed. In all other respects, the report and recommendations are confirmed and approved.